**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LAWRENCE A. FIRST, <br><br>                  Debtor. | Chapter 11 <br><br> Case No. 22-11020 (MG) |

## DEBTOR'S APPLICATION TO EMPLOY
## AMINI LLC AS SPECIAL LITIGATION COUNSEL

Lawrence A. First, as debtor and debtor in possession ("Debtor"), submits this application for an order, substantially in the form annexed hereto as Exhibit 1, authorizing the retention and employment of Amini LLC ("Amini") as special litigation counsel for the purpose of litigating claims the Debtor asserted against the Ascribe Entities (defined below) in an arbitration proceeding, pursuant to Bankruptcy Code section 327(e).

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this application under 28 U.S.C. §§ 157(a) and 1334(b), and General Order M-431 (Amended Standing Order of Reference). This is a core proceeding under 28 U.S.C. § 157(b)(2). This case is properly venued in this district under 28 U.S.C. § 1408.

### BACKGROUND

2. The Debtor commenced this case on July 27, 2022, by filing a voluntary petition for relief under chapter 11.

3. As set forth in his LR 1007-2 declaration (ECF Doc. #7), the Debtor sought bankruptcy protection in part to afford him the opportunity to pursue his arbitration claims against American Securities LLC, Ascribe Capital LLC and American Securities Opportunities Advisors, LLC (together, the "Ascribe Entities"). (*See* id. ¶¶23-27; id. Exh. A.) If the Debtor prevails in the arbitration, the Debtor believes he will likely be able to pay all of his rightful creditors in full.

(Id. ¶30.) The factual background regarding the Debtor including the events leading to the filings of the demand for arbitration and chapter 11 case is set forth in detail in the LR 1007-2 declaration which is fully incorporated herein.

4. On July 26, 2022, the Debtor commenced the arbitration proceeding against the Ascribe Entities by filing a demand for arbitration with the American Arbitration Association, a copy of which is annexed to the LR 1007-2 declaration. That proceeding is consolidated with an arbitration proceeding commenced by an affiliate of the Ascribe Entities seeking to recover approximately $11 million from the Debtor as a clawback obligation.

5. The statement of claim attached to the Debtor's demand for arbitration seeks declaratory and compensatory relief from the Ascribe Entities. It describes a bait-and-switch executed by the Ascribe Entities on the Debtor, undertaken by the Ascribe Entities' principal, Michael Fisch. (LR 1007-2 declaration, Exh. A, ¶¶26-57.) As described in detail therein, the Debtor and the Ascribe Entities were parties to a written employment agreement under which the Debtor served as Chief Investment Officer for several private equity funds. (Id. ¶¶7-13.) The employment agreement bound the Ascribe Entities to numerous terms such as how investment decisions would be made, how employees could be hired, fired and compensated and which entities could manage, operate and advise the funds. (Id. ¶¶9-13.)

6. As further described therein, Fisch secretly negotiated a merger of Ascribe Capital with Birch Grove. Because this would violate the employment agreement, Fisch asked the Debtor to enter into a separation agreement relinquishing all of the Debtor's rights under the employment agreement. In addition, Fisch sought the Debtor's cooperation in effectuating the transition from Ascribe Capital to Birch Grove. In exchange for these asks, Fisch offered the Debtor a wind-up of all of his interests and obligations to and from the Ascribe Entities and their affiliates. The

Debtor agreed to this deal, and further both the Debtor and the Ascribe Entities performed under this arrangement for several months. (Id. ¶¶27, 29-47.)[1]

7. However, after obtaining the Debtor's concessions, Fisch backtracked on the agreement which they had negotiated but never formally signed. Fisch did so even though he knew that the Debtor and the Ascribe Entities had taken material actions in reliance on the separation agreement. The Ascribe Entities contrived to terminate the Debtor for "cause" even though the Debtor agreed to termination of his own employment months earlier. By doing so, the Ascribe Entities purport to have stripped the Debtor of all of his termination rights under *both* the separation and employment agreements. (Id. ¶¶28, 47-57.)

8. The Debtor asserts three types of claims in arbitration:

9. First, a declaration that the separation agreement is valid and binding on the Ascribe Entities, particularly the Ascribe Entities' agreement to assume the Debtor's $11 million clawback obligation. In the alternative, the Debtor seeks a declaration that the employment agreement terminated as of July 1, 2021, the date Ascribe Capital merged with Birch Grove, in which case the Debtor would be entitled to all his benefits and compensation as if he were terminated without cause on that date. Under either theory, the Debtor would be entitled to damages for being purportedly terminated for "cause" after he voluntarily agreed to separate. (Id. ¶¶65-70.)

---

[1] The statement of claim annexed to the demand for arbitration (at ¶¶42-44) describes how the Debtor agreed to and then actually did: (i) step down from his position and take up a new position with a salary less than half of his previous salary; (ii) allow for the management of Ascribe Capital to be transferred to new individuals at a new entity (iii) allow for his employees to be terminated; (iv) perform in his new role with the new entity even though he his principal compensation had been eliminated and he was relying solely on the Separation Agreement; and also how Ascribe Capital issued announcements to its investors and the public consistent with the above changes.

10. Second, compensation for unjust enrichment, in that the Ascribe Entities unjustly obtained the Debtor's necessary cooperation in effectuating the merger of Ascribe Capital with Birch Grove. (Id. ¶¶71-72.)

11. Third, damages for discriminatory termination of the Debtor in violation of Federal, State and New York City anti-discrimination laws. The Debtor was in a protected class due to his Parkinson's and due to his age, and the Ascribe Entities treated him differently from their similarly situated employees. (Id. ¶¶73-80.)

12. The Debtor believes his damages are significant and equal or exceed the claims asserted against him.

13. Pursuant to the employment agreement, all related disputes (broadly defined) are subject to arbitration before the American Arbitration Association. (Id. ¶21.)

## RELIEF REQUESTED

14. The Debtor seeks to employ and retain Amini as special litigation counsel pursuant to section 327(e) for the purpose of litigating the above-described claims against the Ascribe Entities in arbitration and, if necessary, before the Bankruptcy Court with respect to the same claims.

## AMINI'S QUALIFICATIONS

15. The Debtor seeks to retain Amini to serve as special litigation counsel for the purpose of prosecuting the claims asserted in arbitration because of the firm's commercial litigation expertise and its prior representation of the Debtor in matters related to the arbitration and its extensive knowledge of matters relevant to the arbitration. Amini prepared the demand for arbitration and statement of claim annexed thereto and has been representing the Debtor in

connection with his disputes with the Ascribe Entities and their affiliates since approximately December 2021.

16. The Debtor believes that Amini's expertise and experience will enable the firm to work in an efficient and cost-effective manner on behalf of the Debtor and that Amini is well-qualified to serve as special litigation counsel with respect to the arbitration claims; and accordingly, its retention as special litigation counsel should be approved.

17. By separate application, the Debtor will move for an order authorizing the retention and employment of Kirby Aisner & Curley LLP as general bankruptcy counsel.

18. These professionals work and will continue to work under the direction of the Debtor, who is committed to minimizing duplication of services to reduce professional costs. The Debtor seeks to employ and retain Amini solely to represent him with respect to the arbitration claims, with Kirby Aisner & Curley LLP representing the Debtor in all other matters.

## PROPOSED COMPENSATION TERMS

19. The Debtor proposes that Amini be compensated on an hourly basis at its standard rates, following allowance of its applications for compensation under Bankruptcy Code sections 330-31. Current hourly rates for Amini's attorneys and paralegals are set forth in the accompanying Declaration of Avery Samet, annexed hereto as Exhibit 2 ("Samet Declaration"). These hourly rates are subject to periodic adjustment to reflect increased experience of Amini personnel.

20. The Debtor also proposes that Amini be reimbursed for its actual, necessary expenses. In seeking reimbursement Amini shall comply with the applicable provisions of the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York.

## AMINI'S DISINTERESTEDNESS

21. Section 327(e) provides that "[t]he trustee, with the court's approval, may employ, for a specified purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold an interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

22. As described in detail in the Samet Declaration, in accordance with Rule 2014(a), Amini searched its conflicts database for all connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the Office of the United States Trustee. Amini also informed the Debtor that it emailed its attorneys and paralegals to ask if they have any connections with any such persons. Amini advised that, based on the results of its conflicts search and inquiry, it has determined it does not hold or represent any interest adverse to the Debtor's estate with respect to the arbitration, and is a "disinterested person" as defined in Bankruptcy Code section 101(14).

23. Amini has also advised that it will conduct an ongoing review of its files to ensure no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Amini will supplement its disclosures to the Court.

24. For reasons set forth above, and to maximize the value of the estate consistent with fiduciary obligations, the Debtor submits that Amini's employment is necessary and in the best interests of the Debtor and the bankruptcy estate; and accordingly, this application should be granted.

## NOTICE

25. Notice of this application has been given to the Office of the United States Trustee and counsel for the Ascribe Entities.

WHEREFORE, the Debtor requests an order authorizing and approving the employment and retention of Amini as special litigation counsel on terms proposed herein and granting such other and further relief as the Court deems just and proper.

Dated: August 9, 2022

                */s/ Lawrence A. First*
                 Lawrence A. First

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LAWRENCE A. FIRST, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-11020 (MG) |

# ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY AMINI LLC AS SPECIAL LITIGATION COUNSEL

Upon the application of Lawrence A. First, as debtor and debtor in possession ("Debtor"), filed August 9, 2022, for an order authorizing the retention and employment of Amini LLC ("Amini") as special litigation counsel for the purpose of litigating the claims the Debtor asserted against American Securities LLC, Ascribe Capital LLC and American Securities Opportunities Advisors, LLC (together, the "Ascribe Entities") in an arbitration proceeding, pursuant to Bankruptcy Code section 327(e); and the Court having subject matter jurisdiction to consider the application, and the relief requested therein being a core proceeding; and due and proper notice of the application having been provided; and the Court being satisfied, based on the Declaration of Avery Samet accompanying the application, that Amini does not represent or hold any interest adverse to the Debtor or to the estate with respect to the arbitration, and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the application is granted as set forth herein; and it is further

ORDERED, that the Debtor is authorized to employ and retain Amini as special litigation counsel, pursuant to section 327(e), effective as of the date of this Order, to represent the Debtor in the above-referenced arbitration and prosecute the claims asserted in the statement of claim accompanying his demand for arbitration and any amendment thereof, and also, if necessary, to appear before the Bankruptcy Court with respect to those claims; and it is further

ORDERED, that Amini shall be compensated for services rendered and reimbursed for any related expenses in accordance with Bankruptcy Code sections 330-31, Federal Rule of Bankruptcy Procedure 2016, applicable provisions of the Local Bankruptcy Rules and any other applicable orders or procedures of the Court; and it is further,

ORDERED, that prior to any increases in Amini's rates for any individual employed by the firm and providing services in relation to the arbitration, Amini shall file a supplemental declaration with the Court and provide fourteen days' prior notice to the Debtor, the Office of the United States Trustee and any official committee of such increase.  The supplemental affidavit shall articulate the basis for the requested rate increase and state whether the Debtor has consented to the rate increase.  The United States Trustee shall retain all right to object to any rate increase on all grounds including but not limited to reasonableness and the Court retains the right to review any rate increase under section 330(a)(3)(F); and it is further

ORDERED, that the Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this order; and it is further

ORDERED, that the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: August ___, 2022

_____
Honorable Martin Glenn
Chief United States Bankruptcy Judge

# EXHIBIT 2

**Declaration of Avery Samet**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LAWRENCE A. FIRST,<br><br>           Debtor. | Chapter 11<br><br>Case No. 22-11020 (MG)<br><br>**DECLARATION OF AVERY SAMET** |

    Avery Samet hereby declares:

    1.  I am a member of the law firm Amini LLC ("Amini") which maintains an office at 131 West 35th Street, 12th Floor, New York, New York, and submit this declaration pursuant to Rule 2014(a) and in support of the prefixed employment application.

    2.  The Debtor seeks to employ and retain Amini as special litigation counsel for the purpose of litigating claims the Debtor asserted against American Securities LLC, Ascribe Capital LLC and American Securities Opportunities Advisors, LLC (together, the "Ascribe Entities") in an arbitration proceeding, pursuant to Bankruptcy Code section 327(e).

    3.  I will be primarily responsible for leading Amini's representation of the Debtor in the arbitration.

## COMPENSATION

    4.  Amini prepared the demand for arbitration and statement of claim annexed thereto, that is attached as an exhibit to the Debtor's LR 1007-2 affidavit and has been representing the Debtor in connection with his disputes with the Ascribe Entities and their affiliates since approximately December 2021.

    5.  Within the year preceding the petition date (July 27, 2022), Amini has received payments from the Debtor totaling $97,122.55, including $59,897.55 within the 90 days prior to the petition date. Amini received advance payment retainers from the Debtor, but at the time of filing there was nothing left on any retainer.

6. As of the petition date, Amini is not a creditor of the Debtor including by reason of unpaid fees for prepetition services.

7. Amini intends to apply for allowance of compensation for services rendered in connection with the arbitration on an hourly basis, plus reimbursements of actual, necessary expenses incurred by the firm.

8. My hourly rate is currently $650. Other attorneys and paralegals will be involved as necessary and appropriate to represent the Debtor with respect to services to be rendered by Amini, and Amini's standard hourly rates for its attorneys and paralegals are:

| | |
|---|---|
| Partner | $650-$900 |
| Of Counsel | $500-$625 |
| Associate | $300-$500 |
| Paralegal | $150-$180 |

9. These hourly rates are subject to periodic adjustment to reflect increased experience of Amini personnel.

10. Amini will maintain detailed records of actual and necessary costs and expenses incurred in connection with the arbitration. In seeking reimbursement Amini shall comply with the applicable provisions of the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York.

11. No promises have been received by Amini, nor by any partner, of counsel or associate thereof, as to compensation in connection with the arbitration or this case, other than in accordance with the provisions of the Bankruptcy Code. Amini has no agreement with any other entity to share with such entity any compensation received in connection with the arbitration or this case.

## AMINI'S DISINTERESTEDNESS

26. In accordance with Rule 2014(a), Amini searched its conflicts database for all of its connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the Office of the United States Trustee. The specific names searched included each Ascribe Entity, Michael Fisch, all persons listed in the creditors' matrix annexed to the Debtor's voluntary petition, William Harrington and each person listed in the Region 2 staff directory https://www.justice.gov/ust-regions-r02/region-2-staff-directory-3. Amini also emailed its attorneys and paralegals to ask if they have any connections with any such persons. Based on the results of its conflicts search and inquiry, Amini does not hold or represent any interest adverse to the Debtor's estate with respect to the arbitration and is a "disinterested person" as defined in Bankruptcy Code section 101(14).

12. To the extent Amini discovers any facts bearing on the matters described herein during the period of Amini's retention, Amini will supplement these disclosures.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed August 9, 2022.

/s/ Avery Samet