**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LAWRENCE A. FIRST,<br><br>                   Debtor. | Chapter 11<br><br>Case No. 22-11020 (MG) |

## ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY AMINI LLC AS SPECIAL LITIGATION COUNSEL

Upon the application of Lawrence A. First, as debtor and debtor in possession ("Debtor"), filed August 9, 2022, for an order authorizing the retention and employment of Amini LLC ("Amini") as special litigation counsel for the purpose of litigating the claims the Debtor asserted against American Securities LLC, Ascribe Capital LLC and American Securities Opportunities Advisors, LLC (together, the "Ascribe Entities") in an arbitration proceeding, pursuant to Bankruptcy Code section 327(e); and the Court having subject matter jurisdiction to consider the application, and the relief requested therein being a core proceeding; and due and proper notice of the application having been provided; and the Court being satisfied, based on the Declaration of Avery Samet accompanying the application, that Amini does not represent or hold any interest adverse to the Debtor or to the estate with respect to the arbitration, and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the application is granted as set forth herein; and it is further

ORDERED, that the Debtor is authorized to employ and retain Amini as special litigation counsel, pursuant to section 327(e), effective as of the date of this Order, to represent the Debtor in the above-referenced arbitration and prosecute the claims asserted in the statement of claim accompanying his demand for arbitration and any amendment thereof, and also, if necessary, to appear before the Bankruptcy Court with respect to those claims; and it is further

ORDERED, that Amini shall be compensated for services rendered and reimbursed for any related expenses upon proper application (after notice and a hearing), and an order granting the same, in accordance with Bankruptcy Code sections 330-31, Federal Rule of Bankruptcy Procedure 2016, applicable provisions of the Local Bankruptcy Rules and any other applicable orders or procedures of the Court; and it is further,

ORDERED, that Amini shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further,

ORDERED, that prior to any increases in Amini's rates for any individual employed by the firm and providing services in relation to the arbitration, Amini shall file a supplemental declaration with the Court and provide fourteen days' prior notice to the Debtor, the Office of the United States Trustee and any official committee of such increase. The supplemental affidavit shall articulate the basis for the requested rate increase and state whether the Debtor has consented to the rate increase. The United States Trustee shall retain all right to object to any rate increase on all grounds including but not limited to reasonableness and the Court retains the right to review any rate increase under section 330(a)(3)(F); and it is further

ORDERED, that the Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this order; and it is further

ORDERED, that the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

**IT IS SO ORDERED.**

Dated: September 22, 2022
       New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                           Chief United States Bankruptcy Judge

NO OBJECTION:
William K. Harrington
United States Trustee for Region 2

By: */s/* Annie Wells
    Annie Wells, Esq., Trial Attorney