## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY: COMMERCIAL DIVISION

PRESENT:     **HON. JENNIFER SCHECTER**                PART  54
                                    *Justice*

--------------------------------------------------------------------X

ASCP, LLC                                    INDEX NO.          656351/2021

                          Plaintiff,         MOTION SEQ. NO.         001

                - v -                                **DECISION + ORDER ON
LAWRENCE FIRST,                                          MOTION**

                          Defendant.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for          JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

The promissory note (Dkt. 4) is an instrument for the payment of money only within the meaning of CPLR 3213 notwithstanding the need to consult other documents to calculate the amount owed (*27 W. 72nd St. Note Buyer LLC v Terzi*, 194 AD3d 630, 632 [1st Dept 2021]; *see Stevens v Phlo Corp.*, 288 AD2d 56 [1st Dept 2001]).  Defendant has not raised a question of fact about the amount owed.  "Plaintiff did credit the payment of $37,973 on September 9, 2021 and applied it against accrued interest" (Dkt. 43 at 18; *see* Dkt. 42 at 2).  Moreover, "subsequent to the filing of this action, Plaintiff received payments aggregating $157,603, and applied them to the loan balance" (*see id.*).

The unsigned separation agreement (*see* Dkt. 36 at 8) and June 30, 2021 "draft" of a "SUMMARY OF TERMS" (Dkt. 19) do not affect defendant's liability under the note.  Paragraph 7 of the note provides that it "may not be amended, modified, or changed, nor will any waiver of any provision hereby be effective, except only by an instrument in writing and signed by the party against whom enforcement of any waiver, amendment, change, modification, or discharge is sought" (Dkt. 4 at 3).  Indeed, after defendant did not sign the separation agreement, there were subsequent negotiations over its terms (*see* Dkt. 38).  Nor was there an agreement to extend the maturity date (*see* Dkt. 23 at 3 ["I already told you what I'm prepared to sign in term of a global deal — which is I'll pay the $5.0mm when I sell my house. You've said 'no'"]).

Defendant's suggestion (*see* Dkt. 30 at 18 n 1) that the parties orally waived the note's signed-writing requirement and that his partial performance negates that requirement are unavailing because he does not explain how his partial performance is "unequivocally referable" to the alleged modification (*Eujoy Realty Corp. v Van Wagner Communications, LLC*, 22 NY3d 413, 425 [2013]; *see Paramount Leasehold, L.P. v 43rd St. Deli, Inc.*, 136 AD3d 563, 569 [1st Dept 2016]).  It is not.  "In order to be unequivocally referable, conduct

must be inconsistent with **any other explanation**. In other words, the actions alone must be unintelligible or at least extraordinary, explainable only with reference to the oral agreement" (*Gootee v Global Credit Servs., LLC*, 139 AD3d 551, 558 [1st Dept 2016] [emphasis added]). For instance, defendant may have continued to work in furtherance of the parties' negotiations, and this possibility is enough to preclude a defense based on partial performance (*Carlin v Jemal*, 68 AD3d 655, 656 [1st Dept 2009] ["Neither defendants' failure to pay on the due date nor plaintiff's apparent failure to demand immediate payment constitutes partial performance, because neither is unequivocally referable to the alleged oral modifications, as there may have been other explanations for such decisions"]; *see Citibank, N.A. v Silverman*, 85 AD3d 463, 465 [1st Dept 2011] ["defendant's payments in April and May 2010 were not unequivocally referable to the alleged oral agreement to forbear. Rather, they were referable to plaintiff's February 2010 proposal, defendant's February 2010 counterproposal and the May 2010 loan modification agreement, that was never signed"]).

To the extent defendant has any claims against plaintiff or its related entities regarding his employment or other claims based on other agreements he is of course free to assert them in a separate action. For instance, plaintiff had the right (but not the obligation) under ¶ 3 to set-off the amount owed with distributions from other entities (Dkt. 4 at 2). Defendant's speculation that other distributions may have occurred is insufficient to defeat summary judgment. If he is owed distributions from other entities that can be addressed in a separate action. Defendant, however, has not actually proffered any valid defenses to his default under the note.

Nor has defendant "sustained his burden to show that plaintiff had systematic and regular unauthorized activity in New York warranting application of Business Corporation Law § 1312(a)" (*8430985 Canada Inc. v United Realty Advisors LP*, 148 AD3d 428 [1st Dept 2017]).

The court will direct the entry of judgment after ruling on plaintiff's forthcoming application for attorneys' fees (*see* Dkt. 4 at 3).

Accordingly, it is ORDERED that by March 11, 2022, plaintiff shall e-file a fee application (invoices and an affirmation demonstrating reasonableness), defendant may e-file objections to the fee application by March 18, 2022, and plaintiff shall notify the court by email when its fee application is fully submitted.

20220304161720JSCHECTER1350136842CC4E598DD43D468856312E

| | |
|---|---|
| __3/4/2022__ | __JENNIFER SCHECTER, J.S.C.__ |
| DATE | |

CHECK ONE:   [X] CASE DISPOSED   [ ] NON-FINAL DISPOSITION
　　　　　　   [X] GRANTED   [ ] DENIED   [ ] GRANTED IN PART   [ ] OTHER

656351/2021   ASCP, LLC vs. FIRST, LAWRENCE
Motion No.  001

Page 2 of 2