Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Litigation Counsel for the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LAWRENCE A. FIRST, | Case No. 22-11020 (MG) |
| Debtor. | |

**SUMMARY SHEET**

**SECOND APPLICATION OF AMINI LLC, SPECIAL
LITIGATION COUNSEL FOR THE DEBTOR, FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD MARCH 1, 2023-JULY 31, 2023**

| | |
|---|---|
| Applicant: | Amini LLC |
| Retention date: | September 22, 2022 |
| Compensation period: | March 1, 2023-July 31, 2023 |
| Compensation requested by application: | $329,454.50[1] |
| Expenses requested by application: | $35,953.91 |
| Total requested by application: | $365,408.41 |

This is a: _X_ interim application ___ final application

---

[1] Reflects $100,000 fee discount applied to the attached bill.

## SUMMARY OF TIME BILLED[2]

| Name | Title | Admitted | Hours Billed | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| Bijan Amini | Partner | 1985 | 26.4 | $650[3] | $17,160 |
| Avery Samet | Partner | 2004 | 256 | $650 | $166,400 |
| John W. Brewer | Of Counsel | 1994 | 52.9 | $625 | $33,062.50 |
| Daniel Ash | Associate | 2022 | 351.6 | $400 | $140,640 |
| Abla Laallam | Paralegal | N/A | 301.7 | $180 | $54,306 |
| Yangji Sherpa | Paralegal | N/A | 15.8 | $160 | $2,528 |
| Sydney Calhoun | Paralegal | N/A | 76.3 | $160 | $12,208 |
| Brandon Hicks | Paralegal | N/A | 21 | $150 | $3,150 |

Total attorney and paralegal hours billed: 1,101.7
Blended hourly rate, excluding paralegal time: $520.11

## ITEMIZATION OF EXPENSES

| Expense Type | Amount |
|---|---|
| Discovery vendor charges | $23,050.21 |
| Ground transportation | $70.88 |
| Court reporter charges | $12,769.69 |
| Miscellaneous (microphone for hearing) | $63.13 |

## PRIOR FEE APPLICATIONS

| Period Covered | Date Filed; ECF Doc. # | Fees Requested | Expenses Requested | Order Date; ECF Doc. # | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|---|
| 9/22/22-2/28/23 | 4/4/23; ECF Doc. #56 | $240,823 | $14,111.17 | 5/5/23; ECF Doc. #59 | $228,781.85[4] | $14,111.17 |

---

[2] This summary under Guidelines ¶A.3(iii)-(v) is calculated prior to application of the discount referenced in Footnote 1.

[3] Reduced for this matter from standard rate of $900/hour (28% reduction).

[4] The full amount requested less a 5% voluntary holdback, memorialized in the order providing for interim allowance.

Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Litigation Counsel for the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| LAWRENCE A. FIRST, | Case No. 22-11020 (MG) |
| Debtor. | |

**SECOND APPLICATION OF AMINI LLC, SPECIAL
LITIGATION COUNSEL FOR THE DEBTOR, FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD MARCH 1, 2023-JULY 31, 2023**

Amini LLC, special litigation counsel for the Debtor, submits its second application for interim allowance of compensation for services rendered from March 1, 2023 through July 31, 2023 ("Compensation Period") in the amount of $329,454.50 and reimbursement of actual, necessary expenses during such period in the amount of $35,953.91, pursuant to 11 U.S.C. §§ 330-331, Fed. R. Bankr. P. 2016 and Local Rule 2016-1. The amount requested reflects a $100,000 fee discount applied to the attached bill.

Attorney and paralegal time detail reflecting time billed prior to application of the above-referenced $100,000 discount and listing expenses from the Compensation Period is attached hereto as Exhibit 1. The certification required by the Amended Guidelines for Fees and Disbursements for Professionals ("Guidelines") and statement required by Rule 2016(a) is attached hereto as Exhibit 2.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this application under 28 U.S.C. §§ 157(a) and 1334(b), and General Order M-431 (Amended Standing Order of Reference). This is a core proceeding under 28 U.S.C. § 157(b)(2). This case is properly venued in this district under 28 U.S.C. § 1408.

## BACKGROUND

2. Prior to the commencement of this case, Ascribe Associates III, LLC commenced an arbitration against the Debtor, to recover $11.2 million as a clawback obligation. In addition, an Ascribe affiliate, ASCP, LLC, obtained a $4.7 million judgment against the Debtor in an action to enforce a promissory note.

3. On July 26, 2022, the day before the petition date, the Debtor asserted claims in the arbitration against American Securities LLC, Ascribe Capital LLC and American Securities Opportunities Advisors, LLC, all affiliates of the Claimant. The Debtor's claims were summarized in his Local Rule 1007-2 declaration (ECF Doc. #7), and a copy is attached to the declaration as an exhibit.

4. The Debtor commenced this case on July 27, 2022, to permit him to pursue his claims in arbitration, without interference resulting from the threatened exercise of enforcement remedies by ASCP, LLC.

5. This Court entered an Order on September 22, 2022 (ECF Doc. #13), approving Amini LLC's employment and retention as special litigation counsel. The Order authorized Amini LLC to represent the Debtor in the arbitration and appear in this Court with respect to his arbitration claims.

6. On October 4, 2022, Ascribe Associates III, LLC and ASCP, LLC, an affiliated judgment creditor of the Debtor, moved to dismiss this case. (ECF Doc. #33.)

7. On October 24, 2022, Ascribe Associates III, LLC and ASCP, LLC commenced a nondischargeability action (22-ap-1166) against the Debtor.

8. On December 9, 2022, the Debtor answered the nondischargeability complaint. (22-ap-1166, ECF Doc. #5.)

9. On December 15, 2022, this Court entered a Memorandum Opinion and Order denying the motion to dismiss. (ECF Doc. #50.)

10. The Debtor and the Ascribe entities conducted a four-day arbitration before the arbitration tribunal between April 16 and 20, 2023. The tribunal took live testimony from five witnesses and received several hundred documents into evidence. The parties submitted post-trial briefing on June 9, 2023, and the tribunal conducted oral argument on June 16, 2023.

11. On July 21, 2023, the tribunal issued its arbitration award, ruling against the Debtor on each of his claims and ruling in favor of Ascribe Associates III, LLC on its claim against the Debtor.

12. On July 28, 2023, the Debtor advised the Court (ECF Doc. #73) of the same and the Court scheduled a status conference for the return date of this application.

## DESCRIPTION OF SERVICES

13. Guidelines ¶A(4)(i) requires that time detail be arranged by project category. All time detail covered by this application relates to the arbitration. None relates to the nondischargeability proceeding, and Amini LLC is not seeking compensation for time related to fee application preparation or filing.

14. The following is a brief summary of services rendered during the Compensation Period in relation to the arbitration:

- Trial preparation, including preparation of expert witness report, witness lists, trial exhibits and multiple pre-trial conferences with the arbitration tribunal;

- Drafted and submitted pre-hearing brief to the arbitration tribunal;

- Prepared cross-examination of witnesses and prepared witnesses to testify;

- Represented Debtor in the four-day (April 16-20, 2023) hearing;

- Drafted and submitted post-hearing brief (June 9, 2023);

- Prepared for and handled subsequent oral argument before arbitration panel (June 16, 2023); and

- Prepared and submitted proposed decretal paragraphs in response to tribunal request (July 7, 2023).

15. Amini is not charging any time for the preparation or filing of its previous interim fee application nor for the preparation or filing of this application.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

16. Bankruptcy Code section 331 makes the standard under section 330 applicable to interim fee applications.

17. Section 330 provides that a court may award a professional employed under section 327 "reasonable compensation for actual services rendered … and reimbursement for actual, necessary expenses." It also sets forth criteria for the award of such compensation and reimbursement, including the time expended, the nature and extent of services rendered and the costs of comparable services other than in a case under this title.

18. "[W]hen determining the reasonableness a court 'must not penalize attorneys by viewing the efforts of counsel with the benefit of '20/20 hindsight.'" *In re Parkview Care and Rehabilitation Center, Inc.*, No. 08-bk-71867, 2010 WL 3517069, at *4 (Bankr. E.D.N.Y. Sept. 7,

2010) (quoting *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758, 767 (Bankr. E.D.N.Y. 2005)). Indeed, this approach is required by 11 U.S.C. § 330(a)(3)(C) which states reasonableness depends on "whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered*" (emphasis added). *See also In re Cenargo Int'l, PLC*, 294 B.R. 571, 595 (Bankr. S.D.N.Y. 2003) ("the Court must conduct an objective inquiry, 'based upon what services a reasonable lawyer or legal firm would have performed in the same circumstances.' *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996). The focus is on what a reasonable lawyer would have done at the time; the Court should not invoke perfect hindsight. *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998), *aff'd sub nom. Tenzer Greenblatt LLP v. Silverman*, 246 B.R. 176 (S.D.N.Y. 2000)").

19. No further work is anticipated in the arbitration. Amini LLC submits that the services for which it seeks interim allowance of compensation were necessary and beneficial at the time they were rendered. The subject litigation presented the potential for a solvent debtor case. (ECF Doc. #7, ¶30.) Together with the prior application, Amini LLC is seeking a total of $549,977.50 for arbitration related services,[5] provided during the over ten-month period September 22, 2022-July 31, 2023. Amini LLC believes the amount requested for this compensation period (which included the trial and post-hearing briefing) is reasonable, given inter alia the complexity, importance and nature of the issues involved, and the total cost of the arbitration.

---

[5] The first application (ECF Doc. #56) requested interim allowance of $220,523 for arbitration related services (and $5,255 for the answer to the nondischargeability complaint and $15,045 for the opposition to the motion to dismiss), and the order entered thereon (ECF Doc. #59) provided for a 5% voluntary holdback of amounts allowed on an interim basis. This application seeks $329,454.50 for arbitration related services, which as noted above reflects a $100,000 fee discount applied to the attached bill.

## NOTICE

20. In accordance with Rule 2002(a)(6), notice of the hearing on this application has been served on the Debtor and all creditors. Notice has also been served on the Office of the United States Trustee.

WHEREFORE, this interim fee application should be granted.

Dated: New York, New York  
       August 15, 2023

Amini LLC

/s/ Avery Samet  
Avery Samet  
Jeffrey Chubak  
131 West 35th Street  
12th Floor  
New York, New York 10001  
(212) 490-4700  
asamet@aminillc.com  
jchubak@aminillc.com  
Special Litigation Counsel for the Debtor and Debtor in Possession