KIRBY AISNER & CURLEY LLP  
*Attorneys for Debtor*  
700 Post Road, Suite 237  
Scarsdale, New York 10583  
Tel: (914) 401-9500  
Erica R. Aisner, Esq.  
eaisner@kacllp.com

*Hearing Date: August 19, 2024*  
*Hearing Time: 10:00 a.m.*  
*In Person Hearing – Courtroom 523*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------X  
In re:

LAWRENCE A. FIRST,

                                 Debtor.  
-------------------------------------------------------------X

Chapter 11  
Case No. 22-11020(MG)

## DEBTOR'S MOTION FOR ENTRY AN ORDER DISMISSING HIS CHAPTER 11 CASE

**TO:    THE HONORABLE MARTIN GLENN,**  
         **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

      Lawrence A. First, the above captioned debtor and debtor-in-possession (the "Debtor") by and through his counsel, Kirby Aisner & Curley, LLP, hereby files this motion ("Motion") for an Order dismissing his Chapter 11 Case pursuant to §§ 105, 305 and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

      1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

      2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

      3.     The statutory bases for the relief requested herein are §§ 105(a), 305 and 1112(b) of the Bankruptcy Code.

## BACKGROUND

4. On July 27, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. Since the Petition Date, the Debtor has remained in possession of his property pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. To date, no trustee, official committee of unsecured creditors, or examiner, has been appointed in the Debtor's case.

7. The Debtor is an individual Chapter 11 Debtor.

8. Prior to the Petition Date, ASCP, LLC obtained a judgment against the Debtor in the amount of $4,726,830.29 in connection with a loan made by ASCP, LLC to the Debtor. The Debtor filed this bankruptcy case so that he could pursue affirmative alleged claims against ASCP, LLC, Ascribe Associates II, LLC, Ascribe Associates III, LLC, Ascribe Opportunities Fund II, L.P., Ascribe Opportunities Fund III, L.P., Ascribe Opportunities Fund II (B), L.P., Ascribe Opportunities Fund III (B), L.P., Ascribe II Alternative Investments, L.P., Ascribe III Alternative Investments, L.P., Ascribe Management LLC, American Securities LLC, Ascribe Capital LLC, and American Securities Opportunities Advisors, LLC, or their affiliated individuals or entities (collectively, "Ascribe") and to reorganize his financial affairs.

9. Unfortunately for the Debtor, on July 20, 2023, an arbitration tribunal entered an award dismissing all of his claims against Ascribe with prejudice, and awarding Ascribe Associates III, LLC an award against the Debtor in the amount of $11,204,331.00, plus interest. In addition to Ascribe's claims against the Debtor and his bankruptcy estate, Ascribe asserted that the Debtor's bankruptcy estate has claims against the Debtor's non-debtor spouse Marie and the couples' adult children on account of transfers of money or other property made by the Debtor.

10. Since September 2023, the Parties have had extensive negotiations in good faith to resolve all issues between them. These negotiations included the production of volumes of financial disclosures from both the Debtor as well as his wife and children. The result of these efforts was a global settlement between the Debtor and Ascribe which was memorialized in a Stipulation, the approval for which has been sought from the Court by a Motion pursuant to Fed. R. Bankr. P. 9019 which is scheduled to be heard simultaneously with this Motion.

11. The Stipulation provides for, *inter alia*, a payment of $5,411,212.56 to Ascribe, approximately $1.65 million of which will come from the Debtor with the remaining amount from Marie. The Stipulation further provides for the dismissal of the Debtor's case without any discharge, and significant protections in the form of confessions of judgment by the Debtor and Marie in Ascribe's favor, which may be entered if the Debtor or Marie made a material misrepresentation with respect to their financial affairs.

## RELIEF REQUESTED AND BASIS FOR RELIEF

12. By this Motion, the Debtor seeks this Court's approval to dismiss this Chapter 11 case.

13. Pursuant to § 305(a)(1) of the Bankruptcy Code, "[t]he court, after notice and a hearing, may dismiss a case ...at any time if – the interests of creditors and the debtor would be better served by such dismissal."

14. There is no question that the settlement with Ascribe is in the best interests of the Debtor and his creditors. There is also no question that the dismissal of this Chapter 11 case was a material term of the settlement required by Ascribe. Without the settlement, which includes a significant discount of the claims Ascribe holds against the Debtor, it is likely that the Debtor's Chapter 11 case would be converted to a Chapter 7. Moreover, Ascribe has already commenced an adversary proceeding against the Debtor seeking to render their claims non-dischargable. As such,

absent the settlement, the Debtor would be embroiled in continued litigation for the foreseeable future – litigation for which he would lack the resources to fund. Instead, the Ascribe claims are settled (with a sizable monetary contribution from Marie) and the Debtor can utilize his future income, albeit modest, to resolve the remaining de minimus claims filed against the estate.

15. It should be noted that the only other meaningful claim against the estate is that of New York State Department of Taxation and Finance. Both the Debtor and Marie are jointly and severally liable on this claim and the Debtor is optimistic that the claim will be resolved prior to the hearing on this Motion. In the unlikely event that it is not, the Debtor has agreed to escrow funds to cover the claim in order to ensure that the payment to Ascribe does not violate the priority scheme provided for in the Bankruptcy Code.

16. Given that: (i) the Debtor has entered into a proposed Stipulation with Ascribe, his largest creditor; (ii) Ascribe wishes for the Debtor's Chapter 11 case to be dismissed; and (iii) dismissal of his Chapter 11 case would result in the Debtor failing to receive a discharge, and thus, any of his remaining creditors would be able to collect their claims against him following dismissal (to the extent the Debtor fails to satisfy them, which is his intention), the Debtor submits that cause exists to dismiss the Chapter 11 case pursuant to §305(a)(1) of the Bankruptcy Code.

17. Alternatively, and in addition, Section 1112(b)(1) of the Bankruptcy Code, on request of a party in interest, and after notice and a hearing, the Court shall convert or dismiss a bankruptcy case "for cause," whichever is in the best interest of creditors and the estate. 11 U.S.C. §1112(b)(1). Upon a finding of "cause," the court must dismiss or convert a Chapter 11 case absent unusual circumstances. *See, In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D.Pa. 2007) ("amendments to § 1112 limit the Court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause"); *In re TCR of Denver, LLC* 338 B.R. 494,

498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversation or dismissal, such that this Court has no choice, and no discretion in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)"). The Debtor submits that dismissal is appropriate.

18. Section 1112(b)(4) of the Bankruptcy Code provides a nonexclusive list of grounds for dismissal which includes but is not limited to the "absence of a reasonable likelihood of rehabilitation". 11 U.S.C. §1112(b)(4)(A). *See, Gateway Access*, 374 B.R. at 561("Generally, such lists are viewed as illustrative rather than exhaustive, and the Court should 'consider other factors as they arise'") (quoting *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991)).

19. As discussed above, the Ascribe settlement requires dismissal of this case. Absent the settlement, the Debtor will be unable to confirm a Chapter 11 case because any confirmation would require the support of Ascribe.

20. In addition, the settlement also requires that the Debtor not receive a discharge which would be a key component of any reorganization where non-priority claims are not paid in full. Even if Ascribe would permit the confirmation of a plan (that was presumably in line with the settlement terms), any further administration of this case would not benefit the Debtor or any party in interest. The Debtor's largest creditor (Ascribe) has agreed to compromise a portion of its claim, and the Debtor has the ability to remit payment to his remaining creditors, which is his intention upon dismissal. As such, the continued administration of the Chapter 11 case would only place additional administrative costs upon the Debtor with no added benefit.

21. The Debtor further submits that as a condition to the dismissal of the Chapter 11 Case:

    a. The Debtor shall file a final declaration of disbursements; and

    b. Pay all outstanding United States Trustee fees in full.

22. In light of the foregoing reasons, the Debtor believes that cause exists to dismiss this Chapter 11 case.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order dismissing the Chapter 11 case, together with such other and further relief as is just and proper under the circumstances.

Dated: Scarsdale, New York
       July 29, 2024

    KIRBY AISNER & CURLEY, LLP
*Attorneys for Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
eaisner@kacllp.com

By: */s/ Erica R. Aisner*
    Erica R. Aisner